IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETRIS JONES,

    Petitioner,                    No. CIV S-00-2064 DFL GGH P

    vs.

JOHN BLIM, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner has filed a motion purportedly pursuant to Fed. R.Civ. P. 60(b)(1) and b(4) for relief from final judgment entered by order of this court filed March 23, 2001. The court notes that, subsequently, on April 12, 2002, the Ninth Circuit denied petitioner's petition for the extraordinary remedy of mandamus, stating that petitioner had not demonstrated that this action warranted such intervention.[1]

        Under Rule 60(b), relief from final judgment entered by order of this court may be sought. Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order,

---

[1] On the same document, petitioner apparently seeks to re-open Case No. 01-1163 WBS GGH P (which he misnumbers), again without setting forth any colorable grounds. Judgment in that case was entered on October 23, 2001. As to that case, by order filed on February 19, 2003, the court made clear that any future filing would be disregarded and that no further order would issue therein.

or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move from a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

As the rule states that any motion made pursuant to Rule 60(b)(1), inter alia, shall be made "not more than one year after the judgment....," it is clear that this request, filed more than four years after entry of judgment, should be denied on grounds of untimeliness. Similarly, petitioner makes no showing that as to Rule 60(b)(4), the motion was made "within a reasonable time" in having been made so long after the case was dismissed.

This action was initially filed as a habeas petition, although petitioner challenged conditions of confinement. Petitioner was informed that if he sought to challenge conditions of confinement, he would need, as plaintiff, to file a civil rights action and was provided with the form for doing so. Petitioner failed to do so and the action was dismissed. Petitioner now states that this action dealt with legal and medical malpractice and that he had difficulty "getting due process with forms requirement...." Petitioner does not make any substantive or coherent claim and has not in any manner shown the judgment is void (as is required under Rule 60(b)(4)). As noted in any event, the motion is untimely.

Therefore, IT IS RECOMMENDED that plaintiff's motion for relief from judgment under Fed.R.Civ.P. 60(b)(1) and/or 60(b)(4), filed on June 22, 2005, be denied as

1   untimely.

2   These findings and recommendations are submitted to the United States District
3   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
4   days after being served with these findings and recommendations, any party may file written
5   objections with the court and serve a copy on all parties.  Such a document should be captioned
6   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
7   shall be served and filed within ten days after service of the objections.  The parties are advised
8   that failure to file objections within the specified time may waive the right to appeal the District
9   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/21/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
jone2064.fr.